UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO


Alfredo Castellanos Bayouth, et al.

    v.                            NH Civil No. 05-ds-21-JD
                                   PR Civil No. 02-2357

Gabriela Alejandra Guzman Pinal
and Luis Olmos Dueas


O R D E R


Because this case has been stayed since April of 2003 when the court granted the defendants' motion to compel arbitration, the court ordered the parties to file a joint status report, which they have done.  They report that the arbitration proceeding was initiated, Guzman v. Cast Entertainment, Inc., 50 T 199 00466 02, but is now stayed pending resolution of the bankruptcy case filed by one of the plaintiffs, Cast Entertainment, Inc., In re Cast Entertainment, Inc., No. 03-05246-SEK (filed May 20, 2003).  Cast Entertainment also brought an adversary proceeding in the bankruptcy court against defendant Gabriela Alejandra Guzman Pinal ("Guzman"), Cast Entertainment, Inc. v. Guzman, No. 03-00112-SEK (filed August 4, 2003).  The adversary proceeding is stayed pending resolution of a motion filed by the plaintiffs in this case, "Motion Requesting Urgent Lift of Stay and to Vacate as Void Ab Initio the Report and Recommendation That Was Issued and Adopted by This Court."

A.   Motion Requesting Urgent Lift of Stay and to Vacate

Alfredo Castellanos Bayouth and Cast Entertainment, Inc.,
filed a complaint on September 6, 2002, alleging claims of
conspiracy to commit fraud in the inducement, conspiracy to
defraud, and unjust enrichment against Guzman and Luis Olmos
Dueas.[1]  Guzman filed a demand for arbitration against Cast
Entertainment on the same day.  The plaintiffs filed an amended
complaint on October 2, 2002, adding Castellanos's family as
plaintiffs and adding claims of libel and slander and defamation.
Guzman filed a motion to compel arbitration and to stay the
district court proceedings on December 3, 2002, based on an
arbitration clause in her "Personal Representation Agreement"
with Cast Entertainment.  The plaintiffs failed to respond to the
motion.

Cast Entertainment filed a voluntary petition for bankruptcy
under Chapter 11 on December 11, 2002, but did not notify the
district court of its filing.  Due to the recusal of all of the
judges in the District of Puerto Rico, the case was reassigned to
Judge Ronald R. Lagueux, of the District of Rhode Island, on
December 12, 2003.  On the day the case was reassigned, Guzman
filed a notice informing the court of the bankruptcy filing.  The

---

[1]Default was entered as to defendant Olmos on March 25,
2003.  Therefore, the only active defendant is Guzman.

plaintiffs did not raise an issue about the automatic stay imposed by the bankruptcy filing but continued to litigate their case in district court.

Judge Lagueux referred Guzman's motion to compel arbitration and for a stay to the magistrate judge who issued a report and recommendation on February 10, 2003.  The magistrate judge recommended that the defendants' unopposed motion to compel arbitration and to stay this proceeding be granted.  The plaintiffs sought an extension of time to file their objection to the report and recommendation and then sought leave to file an amended objection, which was granted on March 19, 2003.  In the meantime, the bankruptcy court dismissed Cast Entertainment's case on March 17, 2003.  On April 14, 2003, Cast Entertainment filed in the district court a "Motion for Voluntary Dismissal Pursuant to Rule 41," notifying the court that it was voluntarily dismissing its causes of action in this case, without prejudice. The filing was docketed as a notice of voluntary dismissal.

On April 21, 2003, the district court accepted and approved the magistrate judge's report and recommendation that Guzman's motion to compel arbitration and to stay the case be granted.[2]

---

[2]Although the order stated that the plaintiffs' motion to attach remained pending and was stayed, that motion had been denied on January 28, 2003.  Therefore, that motion is no longer pending.

On May 20, 2003, Cast Entertainment filed a second petition in
bankruptcy, In re Cast Entertainment, 03-05246.  The arbitration
proceeding has been stayed pending resolution of the second
bankruptcy proceeding.  On August 4, 2003, Cast Entertainment
filed an adversary proceeding against Guzman in the bankruptcy
court, seeking to set aside the arbitration clause in the
parties' agreement, Cast Entertainment v. Guzman, 03-00112-SEK.

More than a year after the district court ordered the
parties to arbitrate and stayed the case, the plaintiffs filed a
motion challenging that order, "Motion Requesting Urgent Lift of
Stay and to Vacate as Void Ab Initio the Report and
Recommendation That Was Issued and Adopted by This Court."
Guzman filed an objection.  At the same time, the plaintiffs
filed a motion in the adversary proceeding in the bankruptcy
court charging Guzman with intentionally violating the automatic
stay imposed pursuant to 11 U.S.C. § 362(a).  On August 11, 2004,
the bankruptcy court stayed all matters in the adversary case
pending the resolution of the plaintiffs' "Motion Requesting
Urgent Lift of Stay and to Vacate as Void Ab Initio the Report
and Recommendation That Was Issued and Adopted by This Court."
The case was referred to this judge on January 18, 2005.

The plaintiffs' motion is an untimely request for
reconsideration of the court's order adopting and approving the

4

magistrate judge's report and recommendation.  In addition,
because no bankruptcy proceeding was pending when the court
issued its order on April 21, 2003, no automatic stay was in
place at that time.  However, the circumstances of this
litigation demonstrate that for reasons other than those raised
in the plaintiffs' motion, the court's order must be vacated and
the stay lifted.

Only parties that have agreed to arbitrate can be compelled
to submit a dispute to arbitration.  See First Options of
Chicago, Inc. v. Kaplan, 514 U.S. 1920, 1924 (1995); Westmoreland
v. Sadoux, 299 F.3d 462, 465 (5th Cir. 2002); Gen. Elec. Co. v.
Deutzag, 270 F.3d 144, 154 (3d Cir. 2001); Rock-Tenn Co. v.
United Paperworkers Int'l Union, 184 F.3d 330, 333 (4th Cir.
1999).  In this case, Guzman and Cast Entertainment entered a
"Personal Representation Agreement" in July of 2001 that includes
an arbitration clause providing:  "in the event that any dispute
should arise in connection with this Agreement, it shall be
subject to arbitration . . . ."  Castellanos signed the agreement
on behalf of Cast Entertainment, as president of the company.
None of the individual plaintiffs in this action, including
Castellanos, signed the agreement or apparently otherwise agreed
to arbitrate any disputes with Guzman.  Because the plaintiffs,
other than Cast Entertainment, did not agree to arbitration, they

cannot be compelled to arbitrate their claims against Guzman.

Cast Entertainment voluntarily dismissed its claims in this case before the court issued its order compelling arbitration. As a result, at the time the order issued, no party in the case was subject to the arbitration agreement so that the order had no effect on the parties in this case.  Therefore, the order compelling arbitration and imposing a stay in this case pending resolution of the arbitration proceeding is vacated.  Guzman's request for sanctions is denied.

B.   Status of Cast Entertainment

As discussed above, Cast Entertainment notified the court on April 14, 2003, that it was voluntarily dismissing its claims against the defendants, without prejudice.  The defendants did not object to that action.  The case was stayed a week later, and no further action was taken on Cast Entertainment's notice. Although Cast Entertainment filed a second bankruptcy petition on May 20, 2003, which is ongoing, that action does not affect any party in this case.

Cast Entertainment filed a motion to strike or withdraw its voluntary dismissal on June 18, 2004.  In support of its motion, Cast Entertainment states that its counsel, plaintiff Alfredo Castellanos, was unaware that he was required to obtain

authorization from the bankruptcy court before Cast Entertainment could seek action by this court concerning it.[3]  Even if authorization would otherwise have been necessary, the bankruptcy proceeding had been dismissed before April 14, 2003.  Therefore, Cast Entertainment presents no basis for withdrawing its voluntary dismissal.

In addition, because Cast Entertainment is no longer a party, this case is not affected by its arbitration and bankruptcy proceedings.  Given the long delay in this case, the interests of justice would be best served by addressing the claims brought in this litigation.  Therefore, Cast Entertainment's motion to strike or withdraw its voluntary dismissal is denied.  All claims brought by Cast Entertainment in this case are voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a) as of April 14, 2003.

C.  Other Pending Motions

It appears from a review of the docket that a variety of motions remain pending in this case.

The plaintiffs move to amend their amended complaint to add a breach of contract claim on behalf of Cast Entertainment.

_____

[3]Castellanos represents that he has never before practiced in the area of bankruptcy law and finds it a "complicated world."

Because Cast Entertainment is no longer a party in this case,
that motion is denied.  The plaintiffs' motion to strike Guzman's
response to the plaintiffs' motion is also denied.

Guzman's out-of-state counsel, Hunton & Williams, LLP, moves
to withdraw.  Counsel represents that Guzman has requested that
the firm no longer represent her.  Counsel also represents that
local counsel of record, Angel E. Rotger Sabat of the firm Maymi
Rivera & Rotger PSC will continue to represent Guzman in this
litigation.  Although the plaintiffs oppose the motion, they
provide no reasonable basis not to allow the firm to withdraw.
Therefore, the motion is granted.

Guzman's motion to dismiss, filed on December 3, 2002, was
stayed by the court's April 21, 2003, order.  The stay is now
lifted and that motion is ripe for consideration.  That part of
the motion addressing claims brought by Castellanos and Cast
Entertainment, which are in the first three counts, is premised
on Cast Entertainment as a party and the applicability of the
agreement made between Guzman and Cast Entertainment.  Because
Cast Entertainment is no longer a party, the motion does not
address those claims in the present posture of the case.  The
other grounds Guzman raises in her motion to dismiss would be
more productively addressed in the context of summary judgment.

The court notes, however, that there is a dispute as to

whether members of the Castellanos family are parties to this action.  As alleged in the amended complaint, the remaining plaintiffs in this case are Alfredo Castellanos; the conjugal partnership of Castellanos and his wife, Maria A. Hambleton; and their minor sons, Alfredo Castellanos Hambleton and Alexandra [sic] Castellanos Hambleton.  As such, Maria A. Hambleton is not named individually as a plaintiff.

In addition, no guardian or representative is named as having brought suit on behalf of the children, who lack capacity to bring and maintain a suit in federal court on their own behalf.  See Fed. R. Civ. P. 17(c); see also T.W. by Enk v. Brophy, 124 F.3d 893, 895 (7th Cir. 1997).  Because they lack capacity to litigate on their own, the children are dismissed without prejudice from the case.  The plaintiffs remaining in this case are Alfredo Castellanos and the conjugal partnership.

## Conclusion

For the foregoing reasons, the plaintiffs' motion to lift the stay and to void the court's order (PR document no. 81) is granted.  The plaintiffs' motion to strike or withdraw (PR document no. 83) is denied.  The plaintiffs' motions to amend and to strike (PR document nos. 82 and 93) are denied.  The plaintiffs' motions requesting clarification (PR document no.

87), in compliance (PR document no. 88), requesting resolution

(PR document no. 89), and requesting urgent resolution (PR

document no. 95) are terminated.  The defendant's motion to

withdraw (PR document no. 98) is granted.  The defendant's motion

to dismiss (PR document no. 25) is terminated without prejudice.

Defendant Guzman shall file and serve her answer within

twenty days of the date of this order.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge
(Sitting by designation.)

July 11, 2005

cc:  Alfredo Castellanos-Bayouth, Esquire
     Laurie Uustal Mathews, Esquire
     Angel E. Rotger-Sabat, Esquire
     USDC-PR, Clerk