```
            UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF PUERTO RICO
```

Alfredo Castellanos Bayouth, et al.

    v.                              NH Civil No. 05-ds-21-JD
                                                                  PR Civil No. 02-2357
Gabriela Alejandra Guzman Pinal
and Luis Olmos Dueas

## O R D E R

The plaintiffs have filed a notice with the court, titled "Urgent Notice to the Court and Alerting This Court That Plaintiffs Will, When Duly Authorized, Be Filing a Petition for Recusal." The "Urgent Notice" raises several issues in this case that are addressed as follows.

### A. Parties

On July 11, 2005, the court issued an order that addressed a question as to the proper parties in this case. No party filed a motion for reconsideration or clarification in response to that order. Therefore, as stated therein, the remaining plaintiffs are Alfredo Castellanos and the conjugal partnership of Alfredo Castellanos and Maria A. Hambleton.

The court notes that Alfredo Castellanos Bayouth is also listed as a plaintiff and serves as the attorney for the

plaintiffs in this case.  The plaintiffs shall clarify whether Alfredo Castellanos Bayouth and Alfredo Castellanos, as they appear in this case, are the same party or different parties.

B.  <u>Bankruptcy Proceeding</u>

The plaintiffs' "Urgent Notice" appends a copy of a notice issued by the bankruptcy court that Alfred Antonio Castellanos Bayouth filed for bankruptcy protection under Chapter 7 on November 8, 2004.  The notice announces an automatic stay of suits as follows:

> the petition by the above named debtor operates as a stay of the commencement or continuation of any court or other proceeding <u>against the debtor</u>, of the enforcement of any judgment against, of any act or the commencement or continuation of any court proceeding to enforce any lien on the property of the debtor, and of any court proceeding commenced for the purpose of rehabilitation of the debtor or the liquidation of his estate.

Pl. App. (Emphasis added.)  The plaintiffs also appended a copy of a filing in the bankruptcy court titled "Application for Appointment of Attorney for the Trustee."

1.  <u>Automatic stay.</u>

The bankruptcy court notice of the automatic stay filed with the "Urgent Notice" is the first time this court has been properly notified of the bankruptcy proceeding filed by

2

Castellanos Bayouth.  The plaintiffs' obscure references to bankruptcy proceedings buried in other filings were insufficient to notify the court of Castellanos's petition.[1]  It appears, however, that the automatic stay does not apply here.[2]  Instead, the notice of the bankruptcy proceeding raises a question as to whether Castellanos, who is a plaintiff in this case and the debtor in the bankruptcy proceeding, has standing to prosecute his claims here.[3]

2.  Standing.

"Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate."[4]  Parker v. Wendy's

---

[1] The plaintiffs previously failed to notify the court of a bankruptcy petition filed by former plaintiff Cast Entertainment, Inc., and instead relied on notice provided by the defendant. The court expects appropriate diligence on the part of the attorneys who practice before it.

[2] See Crosby v. Monroe County, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004); F.D.I.C. v. Eltrex Int'l Corp., 1994 WL 258673 *2 (D.N.H. Feb. 1, 1994); Mesiti v. Microdot, Inc., 156 B.R. 113, 118-19 n.5 (D.N.H. 1993).

[3] At present and until notified to the contrary, the court assumes that plaintiffs Alfredo Castellanos and Alfredo Castellanos Bayouth are the same person.

[4] Therefore, any causes of action existing at the time of filing for bankruptcy must be included in a debtor's bankruptcy schedules.  11 U.S.C. § 521.  In some circumstances, however, the debtor may be entitled to exempt the cause of action from the

Int'l, Inc., 365 F.3d 1268, 1272 (11th Cir. 2004) (interpreting 11 U.S.C. § 541(a)(1)); see also Howe v. Richardson, 193 F.3d 60, 61 (1st Cir. 1999).  Once a Chapter 7 petition is filed and the trustee is appointed, unless the cause of action is exempt or abandoned by the trustee, the debtor is no longer a real party in interest in his pending suit and instead the trustee is the proper party.  See Parker, 365 F.3d at 1272; Turner v. Cook, 362 F.3d 1219, 1226-26 (9th Cir. 2004).  Therefore, only the trustee has standing to pursue the debtor's claims or a pending lawsuit.  See, e.g., Parker, 365 F.3d 1272; Barger v. City of Cartersville, 348 F.3d 1289, 1292 (11th Cir. 2003); Detrick v. Panalpina, Inc., 108 F.3d 529, 535 (4th Cir. 1997); In re Educators Group Health Trust, 25 F.3d 1281, 1284 (5th Cir. 1994); Dimaio Family Pizza & Luncheonette, Inc. v. Charter Oak Fire Ins. Co., 349 F. Supp. 2d 128, 132 (D. Mass. 2004).

    Based on the record provided here, the trustee in Castellanos's bankruptcy case, John A. Zerbe, has not abandoned the suit.  He also has not sought to substitute himself on behalf of the debtor's estate, in place of Castellanos, as a plaintiff in this action.  Castellanos lacks standing to proceed as a plaintiff in this case.  Therefore, Zerbe shall file a motion to

---

property of the estate.  See, e.g., Howe, 193 F.3d at 61; Wiseman v. Pittsburgh Nat'l Bank, 942 F.2d 867, 870 (4th Cir. 1991).

substitute or a notice of abandonment of the cause of action within the time allowed by this court, failing which Castellanos will be dismissed from the suit for lack of standing and his claims will be dismissed for failure to prosecute.

### 3. Affidavit.

In the "Urgent Notice," the plaintiffs explain that the trustee in the bankruptcy proceeding, Zerbe, has applied for the appointment of an attorney to act as his representative in Castellanos's civil suit.  In that application, Zerbe requests the appointment of Castellanos to represent Zerbe in this case. Zerbe states in his motion:  "That to the best of my knowledge and belief, Alfredo A. Castellano [sic] Bayouth Esq. is a 'disinterested person',[sic] as said term is defined by 11 USC 101 (14)."  Castellanos provided his affidavit in support of Zerbe's motion, in which he states in pertinent part:  "That to the best of my knowledge and belief, the undersigned [Alfredo Castellanos] is a 'disinterested person', [sic] as said term is defined in 11 USC 101 (14) . . . has no connection with debtor . . . ."

Because, as the court is assuming at this point, Castellanos <u>is</u> the debtor in the bankruptcy proceeding, the court does not understand the meaning of his statement in his affidavit that he

has no connection with the debtor.  Castellanos shall provide an explanation for that statement within the time allowed by the court.  If the affidavit statement is not correct, Castellanos shall immediately provide a corrected and accurate affidavit to the bankruptcy court.

B.   Recusal

As part of the plaintiffs' "Urgent Notice," they state that certain things "were improperly addressed and adjudicated by this Court in its Order dated July 14th, 2005."  They also state that they intend to seek this judge's recusal due to "improper rulings since your Honor was assigned to the present case."  The court again notes that the plaintiffs failed to file any motion seeking reconsideration or clarification of the July 14, 2005, order.  Counsel for the plaintiffs would be well advised to familiarize himself with the law governing recusal.  See, e.g., Liteky v. United States, 510 U.S. 540, 554 (1994); Obert v. Republic Western Ins. Co., 398 F.3d 138, 145 (1st Cir. 2005).

<u>Conclusion</u>

The plaintiffs shall file a notice **on or before September 1, 2005,** to clarify whether Alfredo Castellanos and Alfredo Castellanos Bayouth are the same party in this action and to explain the statement in Alfredo Castellanos's affidavit submitted in his bankruptcy proceeding that he has no connection to the debtor in that proceeding.  If Castellanos's statement in his affidavit is not correct, he shall immediately notify the bankruptcy court of the error and file a corrected and accurate affidavit in that court **on or before September 1, 2005.**

If Alfredo Castellanos and Alfredo Castellanos Bayouth are the same person, **on or before September 9, 2005,** John A. Zerbe, trustee in the bankruptcy proceeding, shall file a motion to substitute himself for Alfredo Castellanos in this case or a notice of abandonment of the cause of action, failing which Castellanos will be dismissed from the suit for lack of standing and his claims will be dismissed with prejudice for failure to prosecute.

Because of the confusion as to the proper parties as plaintiffs in this suit, the deadline for the plaintiffs to respond to the defendant's pending motion to dismiss, filed on July 29, 2005, is extended to **September 16, 2005.**

The Clerk of Court, District of New Hampshire, will send copies of this order to Judge Sara E. De Jesus Kellogg, United States Bankruptcy Court, District of Puerto Rico, with reference to <u>In re Alfredo Antonio Castellanos Bayouth</u>, 04-22496-SEK7, filed Nov. 8, 2004, and to John A. Zerbe, Trustee, 165 Ave. De Diego Urb San Francisco, San Juan, PR 00927.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge
(Sitting by designation.)

August 17, 2005

cc:  Alfredo Castellanos-Bayouth, Esquire
     Angel E. Rotger-Sabat, Esquire
     USDC-PR, Clerk