```
            UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF PUERTO RICO
```

Alfredo Castellanos Bayouth

    v.                                  NH Civil No. 05-ds-021-JD
                                          PR Civil No. 02-2357

Alejandra Guzman Pinal and
Luis Olmos Dueas

## O R D E R

As the court has explained repeatedly, because Alfredo Castellanos Bayouth has filed for bankruptcy protection, he is no longer the real party in interest, unless the trustee in the bankruptcy proceeding, John A. Zerbe, abandons this suit as property of the bankruptcy estate.  The court set a deadline for Zerbe either to notify the court that he abandons the suit or to file a motion to substitute himself as the plaintiff.  Zerbe has done neither.  Instead, Castellanos, acting as counsel for Zerbe, has filed a response in which he claims not to understand the court's previous orders.  Therefore, the court will again explain the consequences of his bankruptcy filing and set a new deadline for a response from the trustee.

Castellanos filed a voluntary petition for bankruptcy protection under Chapter 7 on November 11, 2004, and John A. Zerbe was appointed as the bankruptcy trustee.  Castellanos failed to file a timely notice in this court of his bankruptcy

filing.  On June 21, 2005, Zerbe applied to the bankruptcy court to retain Castellanos as his counsel for purposes of this lawsuit.  The application was supported by Castellanos's sworn affidavit that he was a "disinterested person" as required by 11 U.S.C. § 101(14), including that he "has no connection with the debtor," despite the fact that Castellanos is the debtor.  The bankruptcy court approved the application on August 19, 2005.

In the meantime, on August 17, 2005, this court addressed the effect of Castellanos's bankruptcy filing and ordered him to inform the court as to whether he and Castellanos Bayouth were the same person and also to clarify his statement in his affidavit that he has no connection with the debtor in his bankruptcy case.  The court also ordered Trustee Zerbe to file a motion to substitute himself as the plaintiff in this case or a notice of abandonment of the causes of action.  A copy of that order was sent to the bankruptcy court and to Trustee Zerbe.  In response, the bankruptcy court issued an order that it would await Castellanos's compliance with this court's order of August 17, 2005, to determine whether his appointment as counsel for the trustee should be vacated.  Although Castellanos filed his amended certificate on September 6, 2005, in which he omitted the statement that he had no connection to the debtor, the bankruptcy court has taken no further action.

As the court explained in detail in the August 17, 2005, order and repeated in the order issued on September 7, 2005, Castellanos lacks standing to proceed as a party in this lawsuit unless and until the bankruptcy trustee files a notice of abandonment of the causes of action he asserts here.  Absent a notice of abandonment, only Trustee Zerbe has standing to proceed.  Therefore, Trustee Zerbe or properly appointed counsel, acting on his behalf, must file a motion to substitute Zerbe as the plaintiff in this case in order to proceed.  This case cannot proceed with Castellanos as the plaintiff because he is not a party in interest in the case.

The court expects the bankruptcy court to act promptly in determining whether it will vacate the appointment of Castellanos as counsel for Trustee Zerbe, based on Castellanos's amended certificate, which does not meet the requirements of § 101(14). Trustee Zerbe or his properly appointed counsel, acting on his behalf, shall file a motion to substitute Zerbe as the plaintiff in this case, <u>or</u> a notice of abandonment of the causes of action, **on or before September 30, 2005**, failing which the case will be dismissed with prejudice.

Because the question of the proper party plaintiff in this case remains unresolved, the deadline for the plaintiff's response to the defendant's pending motion to dismiss must be

extended.  Unless the case is previously dismissed, the plaintiff shall file a response to the defendant's motion to dismiss **on or before October 5, 2005**.

Copies of this order shall be sent to Judge Sara E. De Jesus Kellogg, United States Bankruptcy Court, District of Puerto Rico, referring to <u>In re Alfredo Antonio Castellanos Bayouth</u>, 04-22496-SEK7, filed Nov. 8, 2004, and to John A. Zerbe, Trustee, 165 Ave. De Diego Urb San Francisco, San Juan, PR 00927.

SO ORDERED.

_/s/ Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge
(Sitting by designation.)

September 19, 2005

cc:  Alfred Castellanos-Bayouth, Esquire
     Angel E. Rotger-Sabat, Esquire