U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED
2005 SEP 28 A 11: 17

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| **IN THE MATTER OF** | : | |
| ALFREDO A. CASTELLANOS BAYOUTH | : | CASE NO. 04-11496(SEK) |
| DEBTOR | : | CHAPTER 7 |

**OPINION AND ORDER**

Should we vacate our August 19th Order appointing Alfredo Castellanos Bayouth as special counsel for the Trustee to prosecute a civil action for breach of contract and damages referred to U. S. District Judge, Joseph A. DiCelrico, Jr. from the District of New Hampshire, sitting be designation in Puerto Rico?

This matter was brought to our attention by the following statements contained in Judge DiClerico, Jr.'s August 17th order.

> In the "Urgent Notice", the plaintiffs explain that the trustee in the bankruptcy proceeding, Zerbe, has applied for the appointment of an attorney to act as his representative in the Castellanos's civil suit. In that application, Zerbe requests the appointment of Castellanos to represent Zerbe in this case. Zerbe states in his motion: "That to the best of my knowledge and belief, Alfredo A. Castellano [sic] Bayouth, Esq. is a 'disinterested person', [sic] as said term is defined by 11 USC 101 (14)." Castellanos provided his affidavit in support of Zerbe's motion, in which he states in pertinent part: "That to the best of my knowledge and belief, the undersigned [Alfredo Castellanos] is a 'disinterested person', [sic] as said term is defined in 11 USC 101(14) ... has no connection with debtor. ..."
>
> Because ... Castellanos <u>is</u> the debtor in the bankruptcy proceeding, the court does not understand the meaning of his statement in his affidavit that he has no connection with the debtor. Castellanos shall provide an explanation for that statement within the time allowed by the cCourt. If the affidavit statement is not correct, Castellanos shall immediately provide a corrected and accurate affidavit to the bankruptcy court.

On September 6, 2005, Castellanos filed his amended certificate,


037907

"in which he omitted he had no connection with the Debtor. ... The court expects the bankruptcy court to act promptly in determining whether it will vacate the appointment of Castellanos as counsel for Zerbe, based on Castellanos certificate which does not meet the requirements of § 101(14)." See Judge DiClerico, Jr.'s September 19th order.

In response to this order, we do not vacate our order appointing Alfredo Castellanos Bayouth as special counsel for the Trustee pursuant to 11 U.S.C. § 327(e) because "[s]uch attorney need not be 'disinterested', as is otherwise required by section 327(a), provided that ... [he] represents or holds no interest adverse to the debtor or to the estate in respect of the matter upon which the attorney has been engaged." 3 *Collier On Bankruptcy*, § 327.04[9] (15th ed. rev.). Indeed, "the subsection authorizes employment of an attorney in certain cases, **notwithstanding the attorney's prior connection with the debtor**, in order to permit the estate to take advantage of that attorney's special knowledge and experience if it may substantially benefit the estate." 3 *Collier On Bankruptcy*, § 327.04[9][d] (15th ed. rev.) (Our emphasis).

We hereby order the Clerk to notify this Order to Judge Joseph A. DiClerico, Jr., referring to Alfredo Castellanos Bayouth v. Alejandra Guzmán Pinal and Luis Olmos Dueas, NH Civil No. 05-ds-0210JDF, PR Civil No. 02-2357, and the parties in interest in this bankruptcy case.

**SO ORDERED**, in San Juan, Puerto Rico, on September 22, 2005.

SARA DE JESUS
U.S. Bankruptcy Judge

037907 36707037983016

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

Alfredo Castellanos Bayouth

v. NH Civil No. 05-ds-021-JD
PR Civil No. 02-2357

Alejandra Guzman Pinal and
Luis Olmos Dueas

O R D E R

As the court has explained repeatedly, because Alfredo Castellanos Bayouth has filed for bankruptcy protection, he is no longer the real party in interest, unless the trustee in the bankruptcy proceeding, John A. Zerbe, abandons this suit as property of the bankruptcy estate. The court set a deadline for Zerbe either to notify the court that he abandons the suit or to file a motion to substitute himself as the plaintiff. Zerbe has done neither. Instead, Castellanos, acting as counsel for Zerbe, has filed a response in which he claims not to understand the court's previous orders. Therefore, the court will again explain the consequences of his bankruptcy filing and set a new deadline for a response from the trustee.

Castellanos filed a voluntary petition for bankruptcy protection under Chapter 7 on November 11, 2004, and John A. Zerbe was appointed as the bankruptcy trustee. Castellanos failed to file a timely notice in this court of his bankruptcy

filing. On June 21, 2005, Zerbe applied to the bankruptcy court to retain Castellanos as his counsel for purposes of this lawsuit. The application was supported by Castellanos's sworn affidavit that he was a "disinterested person" as required by 11 U.S.C. § 101(14), including that he "has no connection with the debtor," despite the fact that Castellanos is the debtor. The bankruptcy court approved the application on August 19, 2005.

In the meantime, on August 17, 2005, this court addressed the effect of Castellanos's bankruptcy filing and ordered him to inform the court as to whether he and Castellanos Bayouth were the same person and also to clarify his statement in his affidavit that he has no connection with the debtor in his bankruptcy case. The court also ordered Trustee Zerbe to file a motion to substitute himself as the plaintiff in this case or a notice of abandonment of the causes of action. A copy of that order was sent to the bankruptcy court and to Trustee Zerbe. In response, the bankruptcy court issued an order that it would await Castellanos's compliance with this court's order of August 17, 2005, to determine whether his appointment as counsel for the trustee should be vacated. Although Castellanos filed his amended certificate on September 6, 2005, in which he omitted the statement that he had no connection to the debtor, the bankruptcy court has taken no further action.



037907 36707037983025

As the court explained in detail in the August 17, 2005, order and repeated in the order issued on September 7, 2005, Castellanos lacks standing to proceed as a party in this lawsuit unless and until the bankruptcy trustee files a notice of abandonment of the causes of action he asserts here. Absent a notice of abandonment, only Trustee Zerbe has standing to proceed. Therefore, Trustee Zerbe or properly appointed counsel, acting on his behalf, must file a motion to substitute Zerbe as the plaintiff in this case in order to proceed. This case cannot proceed with Castellanos as the plaintiff because he is not a party in interest in the case.

The court expects the bankruptcy court to act promptly in determining whether it will vacate the appointment of Castellanos as counsel for Trustee Zerbe, based on Castellanos's amended certificate, which does not meet the requirements of § 101(14). Trustee Zerbe or his properly appointed counsel, acting on his behalf, shall file a motion to substitute Zerbe as the plaintiff in this case, or a notice of abandonment of the causes of action, **on or before September 30, 2005**, failing which the case will be dismissed with prejudice.

Because the question of the proper party plaintiff in this case remains unresolved, the deadline for the plaintiff's response to the defendant's pending motion to dismiss must be



037907

extended. Unless the case is previously dismissed, the plaintiff shall file a response to the defendant's motion to dismiss **on or before October 5, 2005.**

Copies of this order shall be sent to Judge Sara E. De Jesus Kellogg, United States Bankruptcy Court, District of Puerto Rico, referring to In re Alfredo Antonio Castellanos Bayouth, 04-22496-SEK7, filed Nov. 8, 2004, and to John A. Zerbe, Trustee, 165 Ave. De Diego Urb San Francisco, San Juan, PR 00927.

SO ORDERED.

Joseph A. DiClerico, Jr.

Joseph A. DiClerico, Jr.
United States District Judge
(Sitting by designation.)

September 19, 2005

cc: Alfred Castellanos-Bayouth, Esquire
Angel E. Rotger-Sabat, Esquire



037907 36707037983034

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
55 PLEASANT STREET, ROOM 110
CONCORD, NEW HAMPSHIRE 03301-3941

OFFICIAL BUSINESS




Honorable Sara E. De Jesus
US Bankruptcy Court
Jose V. Toledo US PO & Courthouse
San Juan, PR 00901

037907