```
              UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF PUERTO RICO
```

John Zerbe, Trustee

    v.                                    NH Civil No. 05-ds-21-JD
                                           PR Civil No. 02-2357

Gabriela Alejandra Guzman Pinal and
Luis Olmos Dueas

O R D E R

     John Zerbe, Bankruptcy Trustee, brings claims on behalf of Alfredo Castellanos, arising from a failed business relationship between Alejandra Guzman and Castellanos. Defendant Alejandra Guzman moves to dismiss the claims on the grounds that several claims were brought by now-dismissed parties and that the complaint does not allege libel, slander, or defamation. Castellanos objects to the motion.

     Guzman's motion is partially based on a misunderstanding of the court's order issued on July 13, 2005, that dismissed several parties from the suit. Alfredo Castellanos was not dismissed, although John Zerbe, as the bankruptcy trustee has been substituted as the party in interest. Further, because Castellanos through Zerbe remains a plaintiff as to the claims alleged in Counts 1 through 3, they cannot be dismissed based on Guzman's argument that only Cast Entertainment, Inc., which has been dismissed from the case, brought those claims. To the

extent Guzman also asks that certain paragraphs in the complaint be stricken because they refer only to Cast, those matters will be considered only to the extent they are material to the pending claims.

Guzman contends that Counts 4 and 5 do not state claims for libel and slander under Puerto Rico law.  Guzman asserts that Castellanos was a public figure and contends that he failed to allege the elements of libel or slander under Puerto Rico law.  Because the complaint does not allege that Casetellanos was a public figure when Guzman made the allegedly slanderous remark, and Zerbe challenges that assertion in objecting to the motion to dismiss, that issue cannot be resolved on the present motion.[1]  Cf. Diaz Rodriguez v. Torres Martir, 2005 WL 1130221, at *3 (D.P.R. May 10, 2005) (plaintiff did not dispute that he was a public figure).

Guzman also argues that her remark was not defamatory as a matter of law.  Guzman cites to decisions of the Puerto Rico Supreme Court which are published in Spanish.  All proceedings in the federal court are conducted in English.  48 U.S.C. § 864; accord Estades-Negroni v. Assocs. Corp. of N. Am., 359 F.3d 1, 2

---

[1] Guzman ignored the court's instruction in the July 13, 2005, order that these issues are more appropriately addressed in the context of a motion for summary judgment.  Counsel has an obligation to read court orders carefully.

(1st Cir. 2004).  Therefore, the parties must provide English translations of any decisions they cite to the court.  Because Guzman relies on decisions without providing English translations, the issue of whether her statement was defamatory cannot be resolved based on the present motion.

Guzman challenges the libel claim on the ground that libel pertains only to written defamation.  She does not dispute that her statement was published by newspapers.  She contends that because she spoke her statement but did not write it, she cannot be liable on a libel claim.  Although libel is defamation made public by writing, a defamatory statement that is published in a newspaper may be attributed to the declarant for purposes of liability.  See Gonzalez Perez v. Gomez Aguila, 312 F. Supp. 2d 161. 174 (D.P.R. 2004).  Therefore, Guzman has not shown that Zerbe's libel allegations fail to state a claim.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (NH document no. 15) is denied.  All of the issue raised in the

3

defendant's motion are more appropriately addressed in the context of a properly supported motion for summary judgment.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge
(Sitting by designation.)

October 18, 2005

cc: Alfredo Castellanos-Bayouth, Esquire
    Angel E. Rotger-Sabat, Esquire
    USDC-PR, Clerk

4