UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO


John Zerbe, Trustee

    v.                              NH Civil No. 05-ds-021-JD
                                      PR Civil No. 02-2357

Gabriela Alejandra Guzman
Pinal and Luis Olmos Dueas


O R D E R


Defendant Alejandra Guzman moves for an extension of the discovery deadline to accommodate her deposition at the end of June of 2006.  John Zerbe opposes the motion to extend the deadline.  Each party accuses the other of failing to properly pursue and cooperate in discovery.

On December 9, 2005, the court set the general discovery deadline for June 1, 2006, but also set specific times for depositions, February 13-19 and March 20-24 of 2006.  A discovery deadline may be extended on the request of a party when good cause is shown.  See Vulcan Tools of P.R. v. Makita USA, Inc., 23 F.3d 564, 566 (1st Cir. 1994).  Good cause does not include a delay caused by a lack of diligence.  Sigros v. Walt Disney World Co., 190 F. Supp. 2d 165, 169 (D. Mass. 2002).

In support of her motion, Guzman's counsel represents that he sent emails to Zerbe's counsel to schedule February 15, 2006, for Guzman's deposition and in response got return emails that

the firm would contact him soon.  Hearing nothing from the firm,
counsel called Zerbe's counsel on February 10 to confirm the
deposition date.  An associate of Zerbe's counsel, Janice
Richardson, informed Guzman's counsel that his emails had not
been received by the firm and that Zerbe's counsel was only
available for Guzman's deposition on February 13 and 14, when
Guzman was not available.  Counsel then agreed, according to
Guzman's counsel, that Guzman's deposition would be taken during
the week of March 20-24, 2006.  Guzman's counsel also sent a
letter by messenger to Zerbe's counsel's office, confirming the
discussed dates.  Nothing was heard in response so that no plan
or preparation was made for depositions in March.

    Guzman's counsel now represents that Guzman is not available
for deposition until the week of June 26 to 30, 2006, because of
her travel schedule for promoting her newly released record.
Although Guzman will be in Puerto Rico briefly on April 7, 2006,
as part of her promotional activities, she will not then have
time to be deposed.  Guzman asks that discovery be extended to
August 1, 2006, to accommodate her deposition in June.

    Zerbe filed a "Notice" on March 21, 2006, listing various
complaints about Guzman's discovery practices.  The issues raised
in the "Notice" are not considered here nor is relief available
absent a properly filed motion.  Zerbe also filed an objection to

Guzman's motion to extend discovery.  Zerbe's counsel represents that he first heard that Guzman was unavailable to be deposed in March when the motion to extend discovery was filed.  Counsel then accuses Guzman's counsel of lying about Guzman's lack of availability to be deposed.  Zerbe does not appear to appreciate that it is his obligation to schedule the deposition of the opposing party and that he may forfeit his opportunity to depose Guzman if he fails to do so.

Zerbe's counsel's hyperbole and ad hominem attacks are not persuasive, they undermine Zerbe's position, and they do nothing to advance the cause of this case.  It appears that the problems with scheduling Guzman's deposition are at least in part due to communication problems with Zerbe's counsel.  Therefore, the court will accept Guzman's proffer as good cause for extending the time for her deposition.  There is no reason, however, to extend the general discovery deadline, which will remain June 1, 2006.

It is unfortunate that the court should have to become involved in such a simple matter as scheduling a deposition.

## Conclusion

For the foregoing reasons, the defendant's motion to extend the discovery deadline (document no. 42) is granted to the extent

that her deposition may be taken during the week of June 26 to 30, 2006, and no later, but the general discovery deadline remains at June 1, 2006.

**On or before April 7, 2006,** counsel shall confer to set the dates and times of the deposition **and shall file the deposition schedule by that date.  Failure to set the discovery schedule by April 7, 2006, and to file the schedule in this court by that date, may result in sanctions against the responsible party.  No further extension of the discovery deadline will be granted absent extraordinary circumstances.**

Any other discovery issues raised in the parties' current filings have not been considered or resolved and must be raised, if necessary, in separate motions seeking relief specific to those matters.  Counsel are cautioned, again, that the court expects discovery to proceed in accordance with the Federal Rules of Civil Procedure without resort to the court.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge
(Sitting by designation.)

March 27, 2006

cc:  Alfredo Castellanos-Bayouth, Esquire
     Angel E. Rotger-Sabat, Esquire
     Clerk, USDC=PR