UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO


<u>John Zerbe, Trustee</u>

     v.                            NH Civil No. 05-ds-021-JD
                                      PR Civil No. 02-2357

<u>Gabriela Alejandra Guzman Pinal</u>
<u>and Luis Olmos Dueas</u>


<u>O R D E R</u>


On March 27, 2006, the court granted in part and denied in part a motion filed by the defendant, Gabriela Alejandra Guzman Pinal ("Guzman") to extend discovery.  In that order, the court reminded the plaintiff, John Zerbe, that it was his responsibility to schedule Guzman's deposition and that he might forfeit his opportunity to depose her if he failed to do so.  The court also ordered counsel to confer for the purpose of scheduling Guzman's deposition and to file the deposition schedule by April 7, 2006.  No deposition schedule has been filed, and neither party sought an extension of time to do so.

Zerbe filed a motion that was docketed as a motion to clarify (although the actual filing is not a motion to clarify), a motion for recusal, and a motion requesting resolution.  Guzman has not responded to Zerbe's motions, and the time for response has passed as to the first two motions.  The court resolves the motions as follows.

A.  Motion to Clarify

     The docket identifies New Hampshire document number 50 as "Motion to Clarify Motion Requesting Clarification of Factual Grounds Used by this Honorable Court to Justify Defendant Guzman's Proffer as it Pertains to Initial Scheduling Conference Memorandum as Good Cause for Extension of Time to Hold Her Deposition."  The docket entry for that document also lists three exhibits that were filed with the motion.  The document filed, however, is "Motion Requesting Leave to File Supplemental Exhibit," which is dated September 6, 2005, and is a copy of a motion that was filed as New Hampshire document number 21 on September 6, 2005.  That motion was granted on September 7, 2005.

     The docket in the District of Puerto Rico has, as document number 148, a motion to clarify filed by Zerbe.  Because the motion to clarify was not filed here, however, it is not properly before the court as a pending motion.[1]  The court also notes that the exhibits filed in support of the motion, in both districts, are in Spanish without an English translation, in violation of Puerto Rico Local Rule 10(b).

     Despite the procedural irregularities, the court has

---

[1]After this case was reassigned to me, an electronic case file was opened in the District of New Hampshire for the case. On January 21, 2005, the parties were ordered to file electronically original copies of pleadings, motions, and other documents in the Districts of New Hampshire and Puerto Rico.  The court relies on filings made in this district based on the January 21, 2005, order.

2

reviewed the motion to clarify filed in the District of Puerto
Rico and concludes that it is not properly supported and lacks
merit.  The court again notes that counsel failed to file a
deposition schedule by April 7, 2006, as they were required to
do.  The motion to clarify is denied.

B.  <u>Motion for Recusal</u>

Zerbe moves to have me recuse myself from this case on the
ground that I am biased in favor of defendant Guzman.  In support
of the motion, Zerbe reviews the proceedings, decisions, and
rulings in this case and in related cases, which he alleges
demonstrate my bias in favor of Guzman.[2]  Because Zerbe has not
asserted bias under 28 U.S.C. § 144 or filed the required
affidavit, I will rule on the motion for recusal myself.

"Any justice, judge, or magistrate judge of the United
States shall disqualify himself in any proceeding in which his
impartiality might reasonably be questioned."  28 U.S.C. §
455(a).  Section 455(a) addresses the objective appearance of
bias and does not require proof of actual bias.  <u>In re United
States</u>, 441 F.3d 44, 68 (1st Cir. 2006).  "The trial judge has a
duty not to recuse himself or herself if there is no objective

---

[2]The motion challenges the decision of the judges in the
District of Puerto Rico to recuse themselves from this case, and
also criticizes the rulings, decisions, and progress in the case
during the time when the case was assigned to Judge Lagueux in
the District of Rhode Island.

3

basis for recusal." Id. Therefore, recusal is "appropriate only when the charge is supported by a factual basis, and when the facts asserted provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." In re Boston's Children First, 244 F.3d 164, 167 (1st Cir. 2001) (internal quotation marks and footnote omitted).

A motion to recuse must be timely filed, that is, "at the earliest moment after acquiring knowledge of the relevant facts." In re United States, 441 F.3d at 65 (internal quotation marks and alterations omitted). Courts should reject "strategic motions to recuse a judge whose rulings have gone against a party." Id. In addition, "[t]he law is well settled that, absent quite unusual circumstances, a judge cannot be recused for views formed on the basis of what he learned in court." Obert v. Republic Western Ins. Co., 398 F.3d 138, 145 (1st Cir. 2005) (citing Liteky v. United States, 510 U.S. 540, 550–56 (1994)). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal." Liteky, 510 U.S. at 555.

The plaintiff in this case was originally Alfredo

Castellanos.  After he declared bankruptcy and a trustee, John Zerbe, was appointed in the bankruptcy case, Zerbe was substituted as the plaintiff here.  The bankruptcy court appointed Castellanos to serve as counsel for Zerbe.

In the motion for recusal, Castellanos, on behalf of Zerbe, states that he first began to suspect that I was advocating on behalf of the defendant in February of 2005.  Castellanos first raised the issue of bias and recusal on August 8, 2005, in response to the court's rulings on the proper parties in this action.  He alleged then that

> disturbing matters that were improperly addressed and adjudicated by this Court in its Order dated July 14th, 2005 and the amendment thereto, among other improper rulings since your Honor was assigned to the present case, have unfortunately compelled [Castellanos], once the Bankruptcy Court rules upon the above mentioned motion that was filed by the United States Trustee . . . to respectfully move this Court to recuse itself from intervening in all matters that pertain to [Castellanos] as mandated by analysis of case law under 18 U.S.C. § § 455 & 144 of the Federal Judicial Center regarding recusals, and the specified provisions of The Code of judicial ethics and pertinent case law.

Doc. no. 16 at 3.  On September 3, 2005, Castellanos filed a response to the court's order of August 17, 2005, and sought "other remedies," including "leave from this Court to file a sealed Motion for Recusal and that no matter be entertained by this Court in the present case."  Doc. no. 20 at 5.

On September 29, 2005, Castellanos moved for clarification and "Resolution of Pending Remedies on Behalf of the Plaintiff."

In that motion, Castellanos stated that he felt "compelled to move this Court for recusal before any other matter is entertained by this Court." Doc. no. 28 at 2. He also stated that he "does not wish to make public the factual and legal grounds that lead us to believe that your Honor is incapable of presiding over the present case in an impartial manner." Id. Castellanos sought leave "to file a sealed motion for recusal, in order to protect both the image and integrity of your Honor and this District Court." Id. at 2-3.

On October 3, 2005, the court explained that the plaintiff must seek relief by filing a motion and that he could file an appropriate motion seeking recusal. The court denied his request that the motion be filed under seal. The court also notified Castellanos that this judge would continue to preside in this case unless and until a motion for recusal is granted or the case is resolved. Castellanos, however, did not file a motion for recusal at that time.

On April 13, 2006, Castellanos, on behalf of Zerbe, moved for recusal in response to the court's order granting additional time for the defendant's deposition.[3] He contends that his motion for recusal is timely because he did not have a sufficient

---

[3]In the motion, Castellanos notes that he had requested leave to file a motion for recusal under seal "with the exclusive intention of protecting the integrity and the public perception of our Federal Court" and that his request was denied. Doc. no. 51 at 1.

basis for the motion until the court granted, in part, Guzman's discovery motion.  Given Castellanos's "suspicion" in February of 2005, his statements thereafter about the court's alleged bias, and his requests for leave to file a motion for recusal beginning in August of 2005, his current motion is not timely.  Even if it were timely, however, the motion lacks a sufficient factual basis to support recusal.

After reviewing the motion and based on my familiarity with the challenged rulings and decisions cited therein, I am satisfied that there is neither actual bias nor the appearance of bias that would make recusal appropriate in this case.[4]  The circumstances here do not approach those addressed in <u>In re United States</u>, <u>supra</u>.  Therefore, the motion for recusal is denied.

C.  <u>Motion Requesting Resolution</u>

Twenty days after the recusal motion was filed, Zerbe moved for resolution of that motion.  He states that he "is compelled to advance to this Court that failure to resolve Plaintiff's motion promptly will compel Plaintiff to move the First Circuit Court of Appeals with an unnecessary, and wasteful, Writ of Mandamus."  Doc. 53 at 1-2.  The motion was addressed in due course.  Therefore, the motion for resolution is moot.

---

[4]I have not, of course, considered the decisions and rulings made by other judges in determining whether or not my recusal would be appropriate.

D.  <u>Issue of Representation</u>

Zerbe repeatedly states in his motion for recusal that his attorney, Alfredo Castellanos, will be "the principal witness in all pending cases."  The prominence of these assertions brought a potential ethical problem to the attention of the court.  If Castellanos expects to be a principal witness at trial in this case, then he must address his ethical obligation "to refrain from appearing as counsel in a case in which he reasonably can anticipate that he will be called as a percipient witness." McCulloch v. Velez, 364 F.3d 1, 4 (1st Cir. 2004).  Before trial, therefore, Castellanos must consider whether his continued representation of Zerbe is ethically permissible and appropriate in this case.

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion to clarify (NH document no. 50 and PR document no. 148) is denied.  The plaintiff's motion for recusal (NH document no. 51) is denied, and his motion requesting resolution (NH document no. 53) is denied as moot.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge
(Sitting by designation.)

May 9, 2006
cc:  Alfredo Castellanos-Bayouth, Esquire
     Angel E. Rotger-Sabat, Esquire
     USDC-PR, Clerk