UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO


<u>John Zerbe, Trustee</u>

    v.	NH Civil No. 05-ds-021-JD
                                                PR Civil No. 02-2357
<u>Gabriela Alejandra Guzman Pinal</u>
<u>and Luis Olmos Dueas</u>


O R D E R

The defendant, Alejandra Guzman, included a motion to compel discovery as part of her reply to John Zerbe's motion for clarification.[1]  Zerbe has responded to Guzman's motion.

In her motion, Guzman contends that several discovery issues are unresolved.  She states that Zerbe has not sent her interrogatories and requests for production of documents despite the certificate of service filed on January 12, 2006, that those documents were served on Guzman's counsel that day.  Guzman also states that Zerbe has not provided answers to the interrogatories and requests for production of documents she sent to Zerbe's counsel on December 28, 2005.  She further states that she attempted to resolve these problems with Ms. Richardson and Mr. Castellanos, from the Castellanos law firm, without success.

---

[1]The court orders both counsel henceforth to file "motions" as separate documents rather than in combination with other filings.  The court will only act on a "motion" that stands alone and sets forth the relief sought and the reasons justifying that relief.  The court will not act on other filings such as a "Notice," a "Notice to the Court," or a motion contained within an objection.

Guzman also states that Zerbe has not provided appropriate notice for taking Guzman's deposition and has failed to disclose expert witness reports despite the deadline, which has now passed.

Zerbe responds that the interrogatories were properly sent to Guzman on January 12, 2006, but does not provide any response to his failure to answer the interrogatories and requests for production sent to him or to his failure to comply with the expert disclosure deadline.  Zerbe points out that Guzman's counsel is obligated to make a reasonable and good-faith effort to reach an agreement with opposing counsel on discovery matters before filing a motion with the court.  PR LR 26(b); see also Santos Sanchez v. Hosp. Menonita de Cayey, Inc., 218 F.R.D. 12, 13-14 (D.P.R. 2003).  He contends that because Guzman's counsel failed to comply with LR 26(b), the court should not consider the issues raised in the motion.

Zerbe is correct that a Rule 26(b) conference is required and that counsel filing a discovery motion must accompany that motion with a certification that a reasonable effort was made to comply with Rule 26(b).  Zerbe is also correct that Guzman's motion does not include the required certification, although the motion recounts some efforts that were made to resolve the issues before filing the motion.

In light of the fact that it appears that both counsel have outstanding discovery issues, the court orders counsel to meet

and to confer with respect to all outstanding discovery issues in this case **on or before June 1, 2006.** Counsel are further ordered to undertake good faith efforts to resolve all outstanding discovery issues. If any of the discovery issues are not resolved at that meeting, counsel are ordered to file a joint status report with the court listing the unresolved issues **on or before June 8, 2006.** The court will not consider discovery issues that are not included in the joint status report.

Counsel are reminded that many deadlines have passed and that the end of discovery, except for the deposition of Guzman, is at hand. Unexcused failure to comply with discovery deadlines and obligations may result in sanctions, including the possibility of dismissal or default. See Fed. R. Civ. P. 37; Young v. Gordon, 330 F.3d 76, 80 (1st Cir. 2003).

## Conclusion

For the foregoing reasons, the defendant's motion to compel (document no. 57) is denied. Counsel are ordered to meet and confer as is provided in this order.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge
(Sitting by designation.)

May 23, 2006
cc: Alfredo Castellanos-Bayouth, Esquire
    Angel E. Rotger-Sabat, Esquire
    USDC-PR, Clerk

3